1

2

3

4                                                      **E-FILED on** __8/8/06__

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                     SAN JOSE DIVISION

11

12 | KARL N. KAUFFOLD,                          | No. C-03-05244  RMW

13 |            Plaintiff,                       | ORDER GRANTING DEFENDANT'S
   |                                            | MOTION TO DISMISS
14 |       v.                                   |
   |                                            | **[Re Docket No. 9]**
15 | JO ANNE B. BARNHART, Commissioner of        |
   | Social Security,                           |
16 |                                            |
   |            Defendant.                       |
17

18         The Commissioner of Social Security ("Commissioner") moves to dismiss plaintiff Karl

19 Kauffold ("Kauffold")'s complaint seeking review of the Commissioner's denial of Kauffold's

20 application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§

21 401-433.  Kauffold opposes the motion.  Although the Commissioner has yet to file a reply, the time

22 for doing so has lapsed.[1]  For the reasons set forth below, the court finds that it has jurisdiction to

23 hear the motion and make a decision on it.  The court finds that dismissal of the case is appropriate.

24

25 _____

26         [1]      Kauffold filed his opposition on June 14, 2004.  Because the Commissioner has failed
   to file a reply, the court assumes that the Commissioner considers the matter submitted without
27 further argument.  *Cf. Ladarski v. Bowen*, 1988 WL 251994 *1 (N.D. Cal. 1998) ("[b]ecause the
   Secretary's opposition is long overdue, the court will rule on the pending motions on the basis of the
28 papers now before it").

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH

1

## I. BACKGROUND

2   Kauffold applied for disability benefits on October 20, 2000.  The Commissioner denied

3   Kauffold's application.  Gould Decl. Supp. Mot. Dism. ("Gould Decl.") Ex. 1.  Kauffold requested

4   reconsideration on April 16, 2001.  *Id.* at Ex. 6.  The Commissioner upheld the initial decision on

5   June 27, 2001.  *Id.* at  Ex. 1.  On April 3, 2002, Kauffold claims he called the Gilroy Social Security

6   Office ("the Gilroy Office") and was told that the Commissioner had denied his reconsideration

7   request.  *Id.* at  Ex. 2.  On April 18, 2002, Kauffold's attorney wrote to the Gilroy Office and

8   requested a copy of the Commissioner's decision.  *Id.*

9   On July 2, 2002, Kauffold requested an administrative hearing before an Administrative Law

10  Judge ("ALJ").  *Id.* at Ex. 3.  Kauffold acknowledged that he had failed to request a hearing within

11  sixty days of the Commissioner's denial of his reconsideration request as mandated by 20 C.F.R. §

12  404.933(b).  *Id*.  However, Kauffold argued that neither he nor his counsel had received notice that

13  the Commissioner had denied his reconsideration request.  *Id*.  Kauffold asked the ALJ to find that

14  he had "good cause" for his untimely hearing request.  *Id*.  However, the ALJ found that Kauffold

15  had not shown good cause.  Gould Decl. Ex. 5.  The ALJ reasoned that "the file shows that a notice

16  of reconsideration was sent to the claimant and [his] representative" and that "[t]here is no indication

17  that the notice of reconsideration was returned by the post office."  *Id*.

18  On August 8, 2003 Kauffold sought review of the ALJ's dismissal in the Appeals Council.

19  Gould Decl. Ex. 6.  On September 25, 2004 the Appeals Council declined to review the ALJ's

20  dismissal.  Gould Decl. Ex. 7.  Kauffold now seeks review in this court.

21

## II. ANALYSIS

22  **A.      Final Decision Requirement**

23  The Social Security Act allows a claimant to seek review of a "final decision" by the

24  Commissioner "after a hearing" provided that the claimant does so within sixty days:

25      Any individual, after any final decision of the Commissioner of Social Security
    made after a hearing to which he was a party . . . may obtain a review of such

26      decision by a civil action commenced within sixty days after the mailing to him of
    notice of such decision . . . .  No findings of fact or decision of the Commissioner

27      of Social Security shall be reviewed by any person, tribunal, or governmental
    agency except as herein provided.

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                                      2

1  42 U.S.C. §§ 405(g).  "A claimant's failure to exhaust the procedures set forth in . . . 42 U.S.C. §

2  405(g) deprives the district court of jurisdiction."  *Bass v. Soc. Sec. Admin.*, 872 F.2d 832, 833 (9th

3  Cir. 1988) (per curiam).  Here, Kauffold admits that because he did not challenge the

4  Commissioner's denial of his reconsideration request within sixty days, he has not received a "final

5  decision . . . after a hearing" and thus has not exhausted his administrative remedies.  *See* 20 C.F.R.

6  § 404.955(a), 404.968(a)(1).  However, Kauffold urges this court to waive the exhaustion

7  requirement.  Courts can do so when a claimant possesses a constitutional claim that is "(1)

8  collateral to a substantive claim of entitlement, (2) colorable, and (3) 'one whose resolution would

9  not serve the purposes of exhaustion.'"  *Anderson v. Babbitt*, 230 F.3d 1158, 1164 (9th Cir. 2000)

10  (quoting *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992)).  This "exception applies to any

11  colorable constitutional claim of due process violation that implicate[s] a due process right [either]

12  to a meaningful opportunity to be heard or to seek reconsideration of an adverse benefits

13  determination."  *Evans v. Chater*, 110 F.3d 1480, 1483 (9th Cir. 1997) (internal quotation omitted)

14  (alteration in original).  Kauffold argues that he has a procedural due process right to present

15  evidence to the ALJ in that neither he nor his lawyer received notice that his reconsideration

16  determination had been denied.

17  **1.   Collateral Claim**

18  A constitutional claim arising out of a determination by the Commissioner is "collateral"

19  when it is sufficiently divorced from the merits of the disability claim.  *See Boettcher v. Sec. of*

20  *Health & Human Servs.*, 759 F.2d 719, 721 (9th Cir. 1985) (holding that plaintiff's claim that the

21  Secretary violated his due process rights by holding a hearing on all issues rather than the one issue

22  he was prepared to discuss was "collateral" because it was "procedural, not substantive").

23  Kauffold's due process claim focuses entirely on whether he received proper notice of the

24  Commissioner's reconsideration determination and therefore is "collateral" to his benefits claim.

25  **2.   Colorable Claim**

26  The "colorable" requirement has two components.  First, the plaintiff must show that "refusal

27  of the relief sought will cause injury which retroactive payments cannot remedy."  *Cassim v. Bowen*,

28  824 F.2d 791, 795 (9th Cir. 1987).  Kauffold's due process claim meets this requirement.  Even if

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                                                           3

1   Kauffold files a new application and succeeds, the Commissioner has indicated that his benefits will

2   begin nearly two years after his initial application.  Obviously, when the Commissioner has

3   foreclosed the possibility of Kauffold actually obtaining retroactive payments, retroactive payments

4   are not available as a remedy..

5        The second prong of the "colorable" test requires that the constitutional claim not be

6   "insubstantial, immaterial, or frivolous."  *Boettcher*, 759 F.2d at 722.  Kauffold's claim has the

7   requisite modicum of merit.  "[A]pplicants for social security disability benefits are entitled to due

8   process in the determination of their claims."  *Holohan v. Massanari*, 246 F.3d 1195, 1209 (9th Cir.

9   2001).  Courts have routinely held that allegations of defective notice rise to the level of "colorable"

10  due process violations.  *See Mathews v. Eldridge*,  424 U.S. 319, 348 (1976) ("[t]he essence of due

11  process is the requirement that a person in jeopardy of serious loss (be given) notice of the case

12  against him and opportunity to meet it") (quotation omitted); *Giacone v. Schweiker*, 656 F.2d 1238,

13  1244-45 (7th Cir. 1981) (Secretary violated plaintiff's due process rights by not timely informing

14  him that he could present evidence establishing "good cause" for untimely reconsideration request);

15  *Gipson v. Harris*, 633 F.2d 120, 122 (8th Cir. 1980) (plaintiff's claim that Secretary should have

16  informed his attorney of reconsideration request was "sufficiently colorable to have conferred the

17  district court with subject matter jurisdiction"); *Lodarski v. Bowen*, 1988 WL 251994, *4 (N.D. Cal.

18  1988) ("the courts will exercise jurisdiction over constitutional due process claims only where the

19  claimant can make a preliminary showing that he or she has not been given adequate notice");

20  *Matlock v. Bowen*, 1988 WL 252440, *4 (N.D. Cal. 1988) (opining that plaintiff would have

21  colorable constitutional claim if he had argued that he did not receive notice in time to appeal

22  adverse determination).  Kauffold asserts that neither he nor his attorney received notice of the

23  Commisioner's denial of his request for benefits.  Although Kauffold has apparently not filed a

24  sworn statement to that effect, Kauffold's attorney has sworn under penalty of perjury that she did

25  not receive notice.  Gould Decl. Exs. 1, 6.  As a result, Kauffold's claim is not "insubstantial,

26  immaterial, or frivolous" and is "colorable."  *Boettcher*, 759 F.2d at 722.

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                                          4

1              **3.      Exhaustion Would Be Futile**

2          The final aspect of the test—that waiver serve the purposes of exhaustion—hinges on

3  "whether exhaustion would be futile, meaning that nothing could be gained from permitting further

4  administrative proceedings." *Anderson*, 230 F.3d at 1164.  Agencies may use the exhaustion

5  requirement to "compile a detailed factual record and apply agency expertise in administering its

6  own regulations[,] . . . conserve judicial resources . . . [and] . . . correct its own errors through

7  administrative review." *Johnson v. Shalala*, 2 F.3d 918, 922 (9th Cir. 1993).

8          Here, Kauffold has already undergone two administrative hearings on his claim.[2]  It thus

9  does not appear that further compilation of the factual record is necessary.  "[C]ourts are empowered

10  to find futility where the claimant demonstrates that 'there [i]s nothing to be gained from permitting

11  the compilation of a detailed factual record, or from agency expertise." *Briggs*, 886 F.2d at 1140

12  (quotations omitted).  Because the facts of Kauffold's claim have been sufficiently developed,

13  exhaustion would be futile.  Accordingly, the court waives the exhaustion requirement and,

14  therefore, will entertain Kauffold's claim that the sixty-day time limit for filing an action in this court

15  should not be applied to bar Kauffold's claim for benefits as untimely.

16          **C.      Kauffold's Claim Is Properly Dismissed as Untimely**

17          Kauffold did not file his action in this court within sixty days of the Commissioner's denial

18  of his reconsideration request.  In fact, the denial of Kauffold's reconsideration request was on June

19  27, 2001 and Kauffold did not request a hearing before an ALJ on that denial until July 2, 2002.  On

20  July 25, 2003 an ALJ dismissed Kauffold's request.  After an unsuccessful request of review of the

21  dismissal, Kauffold filed his claim for benefits in this court on November 20, 2003.

22          Kauffold asserts that his claim should be considered timely because neither he nor his

23  counsel received notice of the denial of his request for reconsideration.  Counsel asserts she first

24  received notice of the denial on April 3, 2002 when she called to check on the status of the

25  reconsideration request that had been filed approximately a year earlier on April 16, 2001.

26  _____

27      [2]      The Commissioner denied Kauffold's initial application for disability benefits on
    October 20, 2000.  Gould Decl. Ex. 1.  The Commissioner also denied Kauffold's request for
28  reconsideration on April 16, 2001.  *Id.* at Ex. 6.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                                                  5

1    "There is a presumption of regularity in the performance of their duties by government

2  officials." *Red Top Mercury Mines, Inc. v. U.S.*, 887 F.2d 198, 202-203 (9th Cir. 1989).  Here, the

3  social security claims file reflects that notice of the reconsideration determination was sent to

4  claimant at his correct address on June 27, 2001 with a copy going to his counsel at her correct

5  address.  Neither notice was returned by the post office.  Neither claimant nor his counsel apparently

6  checked on the status of the claim until April 3, 2002.  The claim of claimant's counsel that neither

7  she nor claimant received notice of the denial is not sufficient cause to overturn the presumption that

8  notice was sent.  Even if claimant and his counsel did not receive notice, no persuasive reason has

9  been offered to explain their delay in checking on the status of the reconsideration request.[3]

10                                    **III.  ORDER**

11    For the foregoing reasons, the court grants the defendant's motion to dismiss and will enter

12  judgment in favor of the Commissioner.

13

14  DATED:        7/31/06                                    *Ronald M Whyte*

15                                              RONALD M. WHYTE
                                                United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27    [3]    Notice to claimant alone is sufficient. *See Gipson v. Harris*, 633 F.2d 120, 122 (8th
Cir. 1980).  It is unclear whether claimant himself claims he did not receive notice.  He apparently
did not file a declaration or affidavit so stating (at least the court finds no such declaration or
28  affidavit in its file)

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                    6

1   **Notice of this document has been electronically sent to:**

2   **Counsel for Plaintiff:**
    Angelina Valle                          angelina@valle-law.com
3   James Hunt Miller                       jimillaw@rcn.com

4
    **Counsel for Defendant(s):**
5   Sara Winslow                            sara.winslow2@usdoj.gov
    Leo Montenegro                          leo.r.montenegro@ssa.gov
6
    Counsel are responsible for distributing copies of this document to co-counsel that have not
7   registered for e-filing under the court's CM/ECF program.

8
    **Dated:**          8/8/06                              SPT
9                                                   **Chambers of Judge Whyte**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
C-03-05244-RMW
DOH                                      7